UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LARRY DARNELL JONES,

          Plaintiff,

v.

M. SCHMAKER et al.,

          Defendants.

_____/

Case No. 1:19-cv-195

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a former state prisoner under 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*. Therefore, the Court is required to dismiss this action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

### I.    Factual allegations

Plaintiff is a former prisoner who was previously incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Resident Unit Officer M. Schmaker, Sergeant Unknown Shockley, Lieutenant K.

Miller, Resident Unit Manager B. Topping, Resident Unit Officer Unknown Lynk, Resident Unit Officer Unknown Lee, Resident Unit Officer Unknown Farnquist, Sergeant Unknown Hall, Resident Unit Officer T. Holden, Resident Unit Officer J. Sephamaki, Sergeant Susan Norton, Resident Unit Officer Glen Smith, Resident Unit Officer Unknown Kartes, Resident Unit Officer Unknown Hainstock, Resident Unit Officer D. Fournier, Psychologist Ed Loftus, Captain B. Brennan, Nurse Anita Young, and Unknown Party Jane Doe.

Plaintiff alleges that on June 17, 1998, Defendants Schmaker, Shockley, Miller, Topping, Lynk, Lee, Farnquist, Hall, Holden, and Sephamaki physically and sexually assaulted Plaintiff while he was in restraints. On June 28, 1998, Defendants Norton, Smith, Kartes, Hainstock, and Fournier placed poison in Plaintiff's food in an attempt to murder him so they could cover up the sexual and physical assaults that occurred on June 17, 1998. Plaintiff alleges that Defendant Loftus violated his rights by having Plaintiff involuntarily placed in a psych unit at the Huron Valley Center in order to cover up the crimes committed by the other named Defendants. Plaintiff also claims that Defendant Young lied in response to his grievances in order to protect her coworkers.

Plaintiff seeks compensatory, punitive, and special damages, as well as equitable relief.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich.

Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at \*1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising in June and July of 1998. Plaintiff had reason to know of the "harms" done to him at the time they occurred.[2] Hence, his claims accrued in 1998. However, he did not file his complaint until March of 2019, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at \*2 (6th Cir. June 17, 2002).[3] Because Plaintiff's claims are barred by the applicable statute of limitations, his complaint is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] Indeed, Plaintiff originally filed suit on the claim but then voluntarily dismissed it in 2000. His attempt to resuscitate the case was unsuccessful. *Jones v. Schmaker*, No. 18-1722 (6th Cir. Nov. 8, 2018). This did not preclude a new suit, if the limitations period permitted it. *Id.* at n.1. But the applicable limitations period plainly expired long before Plaintiff filed this new action.

[3] In fact, Michigan does not permit equitable tolling on any basis. *See Weathers v. Holland Police Dept.*, No. 1:13-cv-1349, 2015 WL 357058, at \*5 (W.D. Mich. Jan. 27, 2015); *see also Chandler v. Wackenhut*, No. 1:08-cv-1197, 2010 WL 307908, at \*9-10 (W.D. Mich. Jan, 19, 2010).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

A judgment consistent with this opinion will be entered.

Dated:    July 9, 2019           /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE